FILED
John E. Triplett, Acting Clerk
United States District Court

By MGarcia at 8:48 am, Dec 09, 2020

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| DARIUS DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CERT TEAM OFFICER SENSIEO; and<br>CERT TEAM OFFICER MILLER, in their<br>individual and official capacities,<br><br>    Defendants. | CIVIL ACTION NO.: 6:19-cv-66 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently confined at Georgia State Prison in Reidsville, Georgia, filed this action asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is now before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary relief against Defendants in their official capacities.  However, I **FIND** Plaintiff's remaining claims may proceed.  Specifically, the Court directs service, by separate Order, of Plaintiff's claims of excessive force and deliberate indifference to his medical needs against Defendants Sensieo and Miller in their individual capacities.

## PLAINTIFF'S CLAIMS[1]

Plaintiff brings this lawsuit under 42 U.S.C. § 1983 based on events that occurred at Georgia State Prison in 2018.  Doc. 1.  In his Complaint, Plaintiff alleges that on December 14, 2018, following his shower, he told CERT Team officers Defendants Miller and Sensieo he feared for his life and did not want to return to his cell.  In response, the officers shoved Plaintiff into a cell.  As Plaintiff tried to back out of the cell, Defendants Sensieo and Miller slammed him to the floor while he was still in handcuffs, causing him to hit his head and injure his left pinky finger.  They continued to jump on him while he asked them to stop because of his finger injury.  They then dragged him to the handcuff flap to take off his handcuffs, while he continued to complain about his injury and requested medical attention.  Defendants radioed the officers in charge, and when they arrived, Plaintiff told them he needed medical attention.  However, they left him handcuffed and shackled in his cell.  Two to three hours later, the unit manager of the Tier 2 program arrived, and Plaintiff told him what happened.  Plaintiff was then rushed to the emergency room for treatment of his pinky.  Id. at 5.  Plaintiff has sued Defendants Sensieo and Miller in their official and individual capacities and seeks monetary damages from these Defendants.  Id. at 1, 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*.  28 U.S.C. §§ 1915A(a), 1915(a).  During the initial screening, the court must identify any cognizable claims in the complaint.  28 U.S.C. § 1915A(b).  Additionally, the court must dismiss the complaint (or any portion of the

---

[1]  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true."  Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

**I.     Claims for Monetary Damages Against Defendants in Their Official Capacities**

Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendants in their official capacities. States are immune from private suits based on the Eleventh Amendment and traditional principles of state sovereignty. Alden v. Maine, 527 U.S. 706, 712–13 (1999). Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983. Id. at 71.

Here, the State of Georgia would be the real party in interest in a suit against Defendants in their official capacities to the extent they are employees of the Georgia Department of Corrections. Accordingly, the Eleventh Amendment immunizes these actors from suit in their official capacities. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary relief against Defendants in their official capacities, and, therefore, the Court should **DISMISS** such claims.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims for monetary relief against Defendants Sensieo and Miller in their official capacities.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1191–92; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 9th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA